DECISION OF DISMISSAL
This matter is before the court on Defendant's request, included in its Answer, that the court dismiss Plaintiff's appeal as untimely because the assessments for tax years 1999, 2000, and 2001, were issued November 25, 2003, and Plaintiff did not file his appeal until August 21, 2009. Plaintiff's appeal was filed well after the 90 day deadline provided in ORS 305.280.
 I. STATEMENT OF FACTS
Plaintiff filed his state tax returns for tax years 1999, 2000, and 2001 in April 2000, April 2001, and April 2002, respectively. The returns were more or less timely. Defendant apparently adjusted those returns and determined additional taxes were owing. Defendant issued Notices of Deficiency for each of the years at issue on September 9, 2003. (Def's Resp, Feb 11, 2010.) Copies of those notices were submitted by Defendant to the court. (Id.) The deficiency notices explain the reason for the adjustments as well as Plaintiff's statutory right to file written objections and/or request a conference or request that Defendant assess the tax so that Plaintiff could appeal to the Magistrate Division of the Oregon Tax Court before the expiration of the 30 day period for administratively challenging a deficiency. Plaintiff did not respond to the deficiency notices and, on November 25, 2003, Defendant issued a Notice of Deficiency *Page 2 
Assessment for each of the three years under appeal. (Id.) Defendant submitted copies of those notices to the court as well. (Id.)
All of the above-mentioned notices were mailed to Plaintiff's home address: 672 NE Innes Ln., Bend, Oregon, 97701. (Id.) That was the address appearing on the most recent return (tax year 2001) that Plaintiff had filed with Defendant at the time Defendant issued the notices. Plaintiff confirms that address as his physical address. Plaintiff testified that he has had problems receiving mail at that address. Plaintiff stated that his "official" address is his post office box in Bend, which is the address in the records of the Oregon Department of Motor Vehicles (DMV). That address is PO Box 7382, Bend, Oregon 97708-7382. Plaintiff testified that he submitted a change of address to Defendant February 24, 2009, requesting that all correspondence be sent to his post office box address.
 II. ANALYSIS
By law, the "[m]ailing of notice to the person at the person's last-known address shall constitute the giving of notice as prescribed in this section." ORS 305.265(11).[1] The administrative rule promulgated by Defendant provides that "[t]he department [of revenue] shall use the address on the most recently filed return as the last known address unless the taxpayer has notified the department in writing or through a documented phone call that this address is incorrect." OAR 150-305.265(11)(2).
Plaintiff contends that he was never aware of the deficiencies or assessments because he was not properly notified. Plaintiff argues that the notices were sent to his physical address whereas he uses a post office box for all of his "important mail." Plaintiff at least implied that *Page 3 
the address used by the DMV is a person's "official" address for all government correspondence. Plaintiff is mistaken, as the statute and rules set forth above make clear.
As Defendant has noted, it used Plaintiff's last-known address, which was the address from Plaintiffs then most recently filed state income tax return (the 2001 return). There is no evidence before the court that Plaintiff "notified the department in writing or through a documented phone call that th[e] address [on his 2001 return wa]s incorrect." OAR 150-305.265(11)(2). Plaintiff's updated address notification request was made more than five years after Defendant's assessments were issued.
Under ORS 305.280(2), Plaintiff had 90 days from the date of the assessment notices to file his appeal. Those notices were dated November 25, 2003. Plaintiff's appeal was not filed until August 21, 2009, well after the 90-day appeal period. Accordingly, the appeal is untimely and Defendant's request for dismissal must be granted.
Plaintiff attempted to establish reasonable doubt as to the accuracy of Defendant's mailing practices, arguing that he submitted a change of address to Defendant on February 24, 2009, requesting that his mail be sent to his post office box. Plaintiff further alleges that Defendant nonetheless sent mail to his previous address some six months later in August 2009. Plaintiff was unable to prove that assertion. The correspondence Plaintiff refers to is a Distraint Warrant or notice of garnishment. The distraint warrant notice was issued January 21, 2009, more than five years after the assessment notices were mailed, and roughly one month before the updated address change. (Ptf's Compl at 2.) Moreover, the court gave Plaintiff an opportunity to demonstrate Defendant's inconsistent and unreliable mailing practices. The information Plaintiff submitted, to the extent it is relevant, does nothing to prove Plaintiff's assertion. In fact, what Plaintiff has shown is that the Department complied with his change of address notification *Page 4 
by sending correspondence to him on August 12, 2009, August 13, 2009, and August 27, 2009, using Plaintiff's preferred post office box mailing address for "important mail."
 III. CONCLUSION
The court is not aware of any circumstances that extend the statutory limit of 90 days. Defendant's motion is granted. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss Plaintiff's appeal of the assessments for tax years 1999, 2000, and 2001, is allowed. The Complaint is dismissed.
Dated this ___ day of April 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This Decision was signed by Magistrate Dan Robinsonon April 30, 2010. The court filed and entered this Decisionon April 30, 2010.
[1] All references to the Oregon Revised Statutes (ORS) and the Oregon Administrative Rules (OAR) are to 2007.